IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM M. SMITH,

        Plaintiff,

v.

RON MILES, et al.,

        Defendants.

Case No. 2:19-cv-00929-YY

ORDER

YOU, Magistrate Judge.

Plaintiff, an adult in custody at the Eastern Oregon Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's Amended Motion for Preliminary Injunction (ECF No. 70). For the reasons that follow, the motion is DENIED.[1]

---

[1] All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c).

1 - ORDER

## BACKGROUND

Plaintiff's Amended Complaint alleges defendant Miles dismissed plaintiff from his prison job as a clerk in the EOCI grievance office in retaliation for assisting another adult in custody in the preparation and filing of a federal lawsuit against several EOCI staff members, including defendants Miles and Sobotta. Plaintiff also alleges defendants Sobotta and Murphy refused to process plaintiff's grievances. In his original Motion for Preliminary Injunction, plaintiff claimed that, as a result of his dismissal, he is suffering irreparable harm, because without the income from his Clerk position, he is unable to purchase "vitamins, supplements, and other dietary items from the inmate canteen which are needed to combat plaintiff' declining kidney function and diabetes." In his Amended Motion, plaintiff simply contends he "continues to suffer additional irreparable injury due to not having his job restored." Plaintiff seeks an order requiring defendants Miles and Sobotta to immediately restore him to his former EOCI job position as clerk in the Grievance Office.

## LEGAL STANDARDS

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the defendant is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). To establish entitlement to a preliminary injunction, a plaintiff generally is required to demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20. "The elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of

likelihood of success on the merits." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

In the alternative, the Ninth Circuit recognizes that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*. at 1132. Thus, a court may enter a preliminary injunction "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (citing *Alliance for the Wild Rockies*, 632 F.3d at 1132).

Courts apply a more exacting standard when the moving party seeks a mandatory, as opposed to a prohibitory, preliminary injunction. *See Martin v. Int'l Olympic Comm.,* 740 F.2d 670, 675 (9th Cir. 1984) ("In cases such as the one before us in which a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction") (citing *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1980)). Mandatory injunctive relief is disfavored, and should be denied at the preliminary injunction stage unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).

Finally, where an individual in custody seeks a preliminary injunction or temporary restraining order with respect to prison conditions, such relief, if granted, "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

## DISCUSSION

Plaintiff has not demonstrated that irreparable injury is likely in the absence of a mandatory injunction requiring defendants to reinstate plaintiff to his prison work assignment. Defendants present evidence of plaintiff's trust account balance and canteen purchases for the six-month period preceding his motion, including purchases of coffee, chocolates, cocoa, popcorn, ramen, Fritos, and other snacks and beverages. Plaintiff presents no evidence that he has no means to procure the "vitamins, supplements, and other dietary items from the inmate canteen which are needed to combat plaintiff's declining kidney function and diabetes" mentioned in his original motion. Moreover, the remedy for plaintiff's claim of past harm in the form of retaliation is not injunctive relief; should plaintiff prevail on the merits of his retaliation claim, his remedy will be money damages. *See Rios v. Tilton*, Case No. 2:07-cv-0790 KJN P, 2016 WL 29567, at *14 (E.D. Cal. Jan. 2, 2016) (plaintiff may argue for compensatory damages in conjunction with any successful First Amendment retaliation claim) (citing *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998); *see also Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th Cir. 1986) (prisoners have no protected constitutional right to any work assignment). In the absence of evidence that plaintiff is likely to suffer irreparable harm, mandatory injunctive relief is not warranted. *See Saintal v. Foster*, Case No. 2:11-cv-00445-MMD-PAL, 2012 WL 5180738, at *11 (D. Nev. Oct. 17, 2012) (even if other factors favor plaintiff, inability to proffer evidence of irreparable injury in the absence of preliminary weighs strongly against granting such extraordinary relief, particularly in light of the added scrutiny courts must give under the PLRA to prisoners seeking preliminary injunctive relief).

## **CONCLUSION**

For these reasons, the court DENIES plaintiff's Amended Motion for Preliminary Injunction (ECF No. 70).

IT IS SO ORDERED.

DATED this 11th day of February, 2021.

                                            /s/ Youlee Yim You
                                    Youlee Yim You
                                    United States Magistrate Judge